IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH H. HARRIS,<br>             Plaintiff,<br><br>vs.<br><br><br><br>DOCTOR VIKRAMJIT SINGH;<br>DOCTOR REBECCA COLLINS,<br><br>             Defendants. | Civil Action No. 12-476<br><br>U.S. District Judge Arthur J. Schwab<br>Magistrate Judge Maureen P. Kelly<br><br>[ECF No. 21] |

## REPORT AND RECOMMENDATION

**I.  RECOMMENDATION**

Pending before the Court is an Amended Motion to Dismiss [ECF No. 21] filed on behalf of Defendant Doctor Rebecca Collins ("Defendant Collins"). Defendant Collins argues that Plaintiff has not been properly served pursuant to Rule 4(d) or 4(e) of the Federal Rules of Civil Procedure, and this action therefore should be dismissed pursuant to Rule 4(m). In addition, Defendant Collins seeks dismissal of Plaintiff's Complaint on the grounds of Rule 12(b)(6) of the Federal Rules of Civil Procedure because the allegations contained in the Complaint fail to set forth a claim for which relief can be granted. For the reasons that follow, it is respectfully recommended that the Amended Motion to Dismiss be granted.

**II.  REPORT**

    **A.  FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Joseph H. Harris ("Plaintiff") filed this pro se civil rights Complaint [ECF No. 1] against Defendants Doctor Collins and Doctor Vikramjit Singh alleging that Defendants wrongfully reported a medically disqualifying condition to the Pennsylvania Department of

1

Transportation ("PennDOT"), which resulted in the revocation of Plaintiff's driving license. Plaintiff's rudimentary Complaint alleges that he has high blood pressure [ECF No. 1, p. 4] and that Defendants' report to PennDOT is "wrong." He also complains that he was under Defendants' care as a patient, but now that his license has been revoked, "they don't give [him] the time of day," and won't write to PennDOT to reinstate his license. [ECF No. 1, p. 3]. Plaintiff cites "The Medical Malpractice Laws" as a basis for his action, and alleges that Defendants never determined the cause of his high blood pressure, and have failed to respond to concerns with regard to their medical practice and behavior. Accordingly, Plaintiff alleges it was error for Defendants to file the report resulting in the recall of his driving license.

Plaintiff also complains that he filed suit against both Defendants in the Court of Common Pleas of Allegheny County, Pennsylvania, but that his case was dismissed before trial by the judge presiding over his case. Plaintiff alleges the violation of his constitutional rights because after paying the filing fees for his state action, which he believes entitled him to a trial, his case was summarily dismissed. [ECF No. 1. pp. 5-9]. In addition, Plaintiff alleges that he has been wrongfully denied an appeal pursuant to 42 Pa.C.S.A § 5105(a), and so appeals the decision of the Court of Common Pleas to this Court.

Defendant Collins contends that the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief may be granted. Additionally, Defendant Collins contends that this Court does not have personal jurisdiction over her because she was not properly served with the Complaint.[1] This Court has previously granted the Motion to Dismiss on identical grounds filed by Defendant Vikranjit Singh [ECF Nos. 4, 11].

---

[1] Because resolution of this action turns on the subject matter jurisdiction of the Court and Rule 12(b)(6), alleged lack of service is not addressed at this time. However, the Court notes that pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, Plaintiff's failure to properly serve Defendant Collins within 120 days of filing the instant action also requires dismissal of this action.

B.  **STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 12(b)(6), when deciding a motion to dismiss, the Court must read the complaint in the light most favorable to the non-moving party and all well-pleaded, material allegations in the complaint must be taken as true. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium Antitrust Litig., 214 F.3d 395, 397–98 (3d Cir. 2000).

The United States Supreme Court has recognized that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). In Twombly, the Court made clear that it would not require a "heightened fact pleading of specifics," but only "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In 2009, the United States Supreme Court revisited the requirements for surviving a 12(b)(6) motion to dismiss in Ashcroft v. Iqbal, 556 U.S. 662 (2009). In Iqbal, the Supreme Court made clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements [are] not suffic[ient]" to defeat a Rule 12(b)(6) motion to dismiss. Id. at 678. Only "a complaint that states a plausible claim for relief [will] survive[ ] a motion to dismiss." Id. at 679.

The Court must liberally construe the factual allegations of Plaintiff's Complaint because pro se pleadings, "however inartfully pleaded, must be held to less stringent standards than

3

formal pleadings drafted by lawyers [.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Haines v. Kerner, 404 U.S. 519, 520 (1972). Further, Federal Rule of Civil Procedure 8(e) requires that all pleadings be construed "so as to do justice." Fed.R.Civ.P. 8(e). Crooks v. Thomas, C.A. 11-385, 2012 WL 3746181 (W.D. Pa. Aug. 29, 2012).

### C. DISCUSSION

Federal courts are courts of limited jurisdiction, possessing only that power conferred by the Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). As the United States Court of Appeals for the Third Circuit explained in Abulkhair v. Liberty Mut. Ins. Co., 441 F. App'x 927, 930 (3d Cir. 2011):

> Jurisdiction in the federal courts is limited, see Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994), and exists in only two circumstances: when a complaint asserts a cause of action under some provision of federal law, see 28 U.S.C. § 1331, or when the parties are of diverse citizenship and the amount in controversy exceeds the jurisdictional minimum of $75,000.00, exclusive of costs and interest, see 28 U.S.C. § 1332.

Moreover, "[t]he basis for federal court jurisdiction must be apparent from the face of the plaintiff's properly pleaded complaint." Id. (*citing* Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)).

In the case at issue, it is clear from the face of the Complaint that Plaintiff fails to assert a claim "arising under the Constitution, laws, or treaties of the United States" as required for federal question jurisdiction, 28 U.S.C. § 1331, and fails to allege the diverse citizenship of the parties so as to implicate this Court's jurisdiction under 28 U.S.C. § 1332(a).

Plaintiff's Complaint alleges a medical malpractice claim which is a state law claim and, in this instance, is a claim for which Defendant Collins has been provided immunity. Plaintiff takes issue with the manner and fact of her report of his medical impairment to PennDOT.

4

However, Pennsylvania law mandates that all treating physicians and other medical providers "report to the department [of transportation], in writing, the full name, date of birth and address of every person over 15 years of age diagnosed as having any specified disorder or disability within 10 days." 75 Pa.C.S.A §1518(b). This nondiscretionary duty requires Defendant Collins to report "disorders characterized by lapses of consciousness or other mental or physical disabilities affecting the ability of a person to drive safely…." 75 Pa.C.S.A. § 1518(a). In the interest of promoting disclosure for the benefit public safety, a doctor who complies with this required disclosure is afforded full and complete immunity from civil or criminal liability. 75 Pa.C.S.A § 1518(f). Further, such information may only be used for the determination of incompetency to drive and may not be used as evidence in any trial. 75 Pa.C.S.A. § 1519 (b). Plaintiff's medical malpractice claim, as alleged in the Complaint and arising out of Defendant Collins' compliance with these provisions, is not within the jurisdiction of this Court and further, is a claim upon which she is granted immunity for her nondiscretionary reporting of Plaintiff's medical condition.[2]

To the extent Plaintiff attempts to allege a violation of his constitutional rights, it is clear that to succeed on a claim brought under 42 U.S.C. § 1983, the "plaintiff must show that the defendants, acting under color of law, violated the plaintiff's federal constitutional or statutory rights, and thereby caused the complained of injury." Elmore v. Cleary, 399 F.3d 279, 281 (3d Cir.2005) (citation omitted). In particular, the plaintiff must prove two elements: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that

---

[2] A medical professional liability action may be brought against a health care provider for a medical malpractice claim in the Court of Common Pleas in the county where the alleged malpractice occurred. Pa. R. Civ. P. 1006(a.1). In addition, a party bringing a medical professional liability action must comply with the Pennsylvania Rules of Civil Procedure governing professional liability actions, see Pa. R. Civ. P. 1042.1 et seq., and, in particular, the Certificate of Merit requirement, Pa. R. Civ. P. 1042.3. Crooks v. Thomas, C.A. 11-385, 2012 WL 3746181 (W.D. Pa. Aug. 29, 2012).

the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Munoz v. City of Union City, 11-2149, 2012 WL 1655701 (3d Cir. May 11, 2012), *quoting*, Schneyder v. Smith, 653 F.3d 313, 319 (3d Cir.2011) (citation omitted).

Plaintiff has failed to state a claim upon which relief may be granted. If Defendant Collins was somehow construed to be a state actor, broadly construing the Complaint, Plaintiff has failed to allege facts that, if proven, would establish a deprivation of his civil rights. Significantly, a person does not have a constitutional right to a driver's license. See Banks v. Bickley, C.A. No. 05–600, 2005 WL 1138461, at *2 (M.D. Pa. Apr. 27, 2005) (*citing* Miller v. Reed, 176 F.3d 1202, 1206 (9th Cir.1999); *see generally* John Doe No. 1 v. Ga. Dep't of Pub. Safety, 147 F.Supp.2d 1369, 1375 (N.D. Ga. 2001) (citing cases). Rather, the state must only afford a person due process when suspending or revoking his or her driver's license. See Mackey v. Montrym, 443 U.S. 1, 10 n. 7, (1979) (*citing* Dixon v. Love, 431 U.S. 105, 112(1977); Bell v. Burson, 402 U.S. 535, 539 (1971)); Muhammad v. Weis, C.A. 08-3616, 2009 WL 2525454 (E.D. Pa. Aug. 17, 2009).

Pennsylvania provides a procedure to challenge PennDOT's recall of a driver's license by permitting a driver to file an appeal in the manner provided by 75 Pa.C.S.A. § 1550. Further, once a license is suspended for medical incompetence, an affected driver may seek reinstatement of driving privileges by obtaining a physician's report "indicating that the person ***does*** meet the medical regulations for safe driving." 67 Pa. Code § 82.4(a)(italics and emphasis added). Once the report is received by the [PennDOT] Medical Unit, the driving privilege may be restored. Id. There is no requirement that the reinstatement report be issued by the same physician who filed the initial report disclosing incompetence and, if follow up care eliminates the danger created by

6

the reported medical condition through medication or other intervention, the Medical Unit can act to restore Plaintiff's driving privileges. Id.

In this case, Plaintiff was not left without a procedure in place to challenge the determination of his suitability to drive or without recourse to restore his driving privileges if the information was "wrong." Accordingly, Plaintiff has not stated a claim against Defendant Collins arising under the United States Constitution or federal laws and dismissal for failure to state a claim upon which relief may be granted is appropriate.

In civil rights cases, district courts must generally extend plaintiffs an opportunity to amend the complaint before dismissal. Fletcher–Harlee Corp. v. Pote Concrete Contractors, 482 F.3d 247, 253 (3d Cir.2007). A district court can refuse to permit a curative amendment on grounds of bad faith, undue delay, prejudice, or futility. Alston v. Parker, 363 F.3d 229, 235 (3d Cir.2004). In this case, because no amendment to the Complaint would allow Plaintiff to state a claim upon which relief may be granted in this Court, amendment would be futile, and thus, it is recommended that the Complaint be dismissed with prejudice.

### D. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the Motion to Dismiss [ECF No. 21] filed on behalf of Defendant Collins be granted and that the Clerk mark this action terminated.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right

to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                          Respectfully submitted,

                                          <u>/s/ Maureen P. Kelly</u>
                                          MAUREEN P. KELLY
                                          UNITED STATES MAGISTRATE JUDGE

Dated: January 10, 2013

cc:      The Honorable Arthur J. Schwab
         United States District Judge

         All counsel of record by Notice of Electronic Filing


         Joseph H. Harris
         230 N. Aiken Avenue
         Pittsburgh, PA 15206